### FRAZER v. ROHR.

#### (Circuit Court, S. D. New York. August 3, 1910.)

#### No. 3,183.

1. PATENTS (§ 235*)—INFRINGEMENT—SCOPE OF PATENT.

A patent for an invention designed to give to spectators at an amusement place a false impression of the courage and skill of a bicycle rider, the movements of the wheel being, in fact, mechanical, cannot be used to prevent a rider who has the courage and skill so simulated from exercising the same.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 235.*]

2. PATENTS (§ 328*)—INFRINGEMENT—AMUSEMENT RAILWAY.

The Frazer patent, No. 811,211, for an amusement railway, *held* not infringed.

3. WORDS AND PHRASES—"AMUSEMENT RAILWAY."

The phrase "amusement railway" includes those devices in which a car or other vehicle moves along a track in startling and surprising evolutions or through imitation scenery for the gratification of the occupants.

4. WORDS AND PHRASES—"RAILWAY."

The phrase "railway," when used in connection with a patent for a pleasure car moved by an independent means of locomotion, may not necessarily include a vehicle traveling on a pair of fixed rails, but it does denote that the vehicle travels in a predetermined course rigidly controlled to that course independently of the will of the occupant. A bicycle following a groove, and not controlled by the sides, is a railway within the meaning of the patent laws.

In Equity. Suit by Anne E. W. Frazer against Charles Rohr. Decree for defendant.

Bernard Cowen and Albert V. T. Day, for complainant.
James H. Griffin, for defendant.

HAND, District Judge. The sole question in this case is of infringement. Taken word for word, the defendant's device is covered by claims 1 and 3, except for the initial phrase: "In an amusement railway." Upon the argument, counsel insisted that the reason for these words was the somewhat arbitrary division in the Patent Office which classified their patented apparatus among "amusement railways." However the Patent Office may find it convenient for its own

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purposes to classify inventions, I may not assume that in the words of a claim they are adopting any esoteric meaning, but I should assume that they use words in the ordinary sense which they bear to the public at large. The phrase, "amusement railway," includes those devices which have for a number of years been customary at places of popular and cheap amusement, such as Coney Island, and in which a car or other vehicle moves along a track in surprising and startling evolutions or through imitation scenery for the gratification of the occupants. So far as I understand the phrase, its application to the patentee's invention is in any event somewhat of a stretch from its usual connotation; still, the analogy is apparent enough between the patent and such devices as the "loop the loop" and others of the kind, especially when one remembers that the patent would include a car for several occupants moved by any independent means of locomotion. The phrase "railway," when used in this connection, may not necessarily include a vehicle traveling on a pair of fixed rails, and, indeed, it could not have been so used here, but it certainly does denote that the vehicle travels in a predetermined course rigidly controlled to that course independently of the will of the occupant. Thus in the patent the bicycle is immovably fixed to the ring, C, and cannot move outside of its plane. It is further rigidly limited in its course to the groove in the "hollow plate, A." In these respects it is quite like a railway, and may, with a little stretch of language, be said to move on and along with the "rail," C. This use of the term clearly indicates that in the mind of the patentee there was no suggestion of a vehicle freely moving over all parts of the track, A, and retained in position on it only through the skill and adeptness of the rider. The invention was indeed designed to give the false appearance of such skill without the necessity of getting a rider who in fact could do so difficult a feat, and it would attribute to the patentee a wholly spurious imagination to assume that she contemplated any feat of the kind which the defendants have taught themselves. By inventing a machine which dispenses with courage and skill she is now seeking to prevent them in the exercise of their own courage and skill.

Therefore the defendant's device is not a railway of any kind and cannot, without wholly departing from the obvious intent of the patent, be made to fall within the scope of the patent. No one can look at the two devices and fail to feel the essentially unreasonable character of the complainant's contention. Her machine is at best a delusive trick to beguile spectators into supposing that they are seeing a desperate and amazing feat, when in fact the rider has nothing to do but hold onto his seat—no doubt a sufficiently unpleasant necessity. The defendants rely wholly upon their dexterity and self-command, employing no secret devices, and deluding no one into an exaggerated belief of their prowess. Even were the verbal aptness of the claims more perfect than it is, I should not enjoin them from getting the profits of their past patience and training.

Bill dismissed.